# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

NATURAL RESOURCES DEFENSE
COUNCIL, CENTER FOR
BIOLOGICAL DIVERSITY,
NATIONAL PARKS
CONSERVATION ASSOCIATION,
CONSERVANCY OF SOUTHWEST
FLORIDA, EARTHWORKS and
SOUTH FLORIDA WILDLANDS
ASSOCIATION,

      Plaintiffs,

v.                             Case No:  2:16-cv-585-FtM-99CM

NATIONAL PARK SERVICE,
SALLY JEWELL, JONATHAN B.
JARVIS and STAN AUSTIN,

      Defendants.

_____

## ORDER

This matter comes before the Court upon review of Burnett Oil Co., Inc.'s ("Burnett") Motion to Intervene (Doc. 17) filed on August 26, 2016, Barron Collier Company, Ltd. ("Barron"), Collier Enterprises Management, Inc. ("Collier Enterprises"), and Collier Resources Company, LLP's ("Collier Resources"), (collectively the "Colliers") Motion to Intervene as a Defendant (Doc. 22) filed on September 12, 2016, and the Joint Motion to Set Page Limits and Briefing Schedule for Plaintiffs' Forthcoming Motion for Preliminary Injunction (Doc. 30) filed on September 26, 2016.  Plaintiffs oppose the two motions to intervene (Docs. 17, 22).

Docs. 21, 29.   Defendants take no position on the motions to intervene (Docs. 17, 22).
Doc. 17 at 2; Doc. 22 at 1.

## I.    Background

Plaintiffs are non-profit environmental and conservation organizations.   Doc.
1 ¶ 1.   Defendants are the National Park Service ("NPS"), two directors of the NPS,
and the Secretary of the U.S. Commerce of the Interior.   *Id.* ¶¶ 21-24.   On July 27,
2016, Plaintiffs initiated this lawsuit against Defendants challenging the NPS's
approval a seismic exploration survey for oil and gas deposits within the Big Cypress
National Preserve ("Big Cypress").   *Id.* ¶ 1.

Big Cypress is a national preserve in the national park system, located in
South Florida.   *Id.* ¶¶ 61-62.   The preserve consists of about 729,000 acres and
contains wetlands, swamp forests, various types of marsh, wet prairie, and other
habitats that are inundated with water for part of all of the year.   *Id.* ¶ 61.   Big
Cypress currently is designated as an "Important Resource Area" because it serves
as habitat for many threatened and endangered species of plants and animals.   *Id.*
¶ 63.   Originally, most of the lands within Big Cypress were privately owned,
principally by the Collier family or corporate entities within the family's control (the
"Colliers").   *Id.* ¶ 65.   The family transferred their land to the federal government,
but has maintained oil and gas rights.   *Id.*

On April 3, 2013, Collier Resources entered into a Seismic and Exploration
Agreement with Burnett.   Doc. 22 at 9.   The Agreement leased certain Collier
Resources-owned oil and gas interests within Big Cypress to Burnett.   *Id.*   To

explore oil and gas in Big Cypress, Burnett proposed to the NPS a plan to conduct a phased, four-year seismic survey over about 366 square miles in the northern portion of Big Cypress. Doc. 1 ¶ 68. Based on the comments from the NPS, Burnett revised the first phase of the plan to survey over about 70,000 acres, which the NPS conditionally approved on May 10, 2016. *Id.* ¶¶ 69, 78, 82. This revised and approved plan is the subject of this lawsuit. *Id.* ¶ 69.

## II.   Burnett's and Colliers' Motion to Intervene (Docs 17, 22)

On August 26, Burnett filed a motion to intervene as a defendant (Doc. 17), and on September 12, 2016, the Colliers separately moved to intervene as defendants (Doc. 22). Both Burnett and the Colliers argue that they meet the requirements of Rule 24(a) of the Federal Rules of Civil Procedure to intervene as of right in this case. Docs. 17, 22. Alternatively, Burnett and the Colliers seek permissive intervention under Rule 24(b) if the Court finds that they do not have a right to intervene under Rule 24(a). Doc. 17 at 12; Doc. 22 at 20-21.

Plaintiffs oppose Burnett's motion solely on the ground that Burnett's motion does not comply with the pleading requirement of Rule 24(c). Doc. 21. Plaintiffs also oppose the Colliers' motion because the Colliers' motion does not comply with the pleading requirement of Rule 24(c); and if Burnett intervenes as a party, it would adequately represent the Colliers' interests. Doc. 29. Alternatively, Plaintiffs argue that if both Burnett and the Colliers are allowed to intervene, they should jointly file documents, restrict their briefing to fewer pages than are allowed for the principal parties, and present only certain types of arguments. *Id.* at 7-9.

Rule 24(a) provides for intervention as of right, in relevant portion, as follows:

> On timely motion, the Court must permit anyone to intervene who . . .
> claims an interest relating to the property or transaction that is the
> subject of the action, and is so situated that disposing of the action may
> as a practical matter impair or impede the movant's ability to protect its
> interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2).   In the Eleventh Circuit, a party seeking to intervene as a matter of right under Fed. R. Civ. P. 24(a)(2) must satisfy four factors, and if the party is able to do so the Court must allow that party to intervene.   *Purcell v. BankAtlantic Fin. Corp.*, 85 F.3d 1508, 1512 (11th Cir. 1996); *TIG Specialty Ins. Co. v. Financial Web.com, Inc.*, 208 F.R.D. 336, 337 (M.D. Fla. 2002) (citing *Fed. Savings & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 215 (11th Cir. 1993)). Specifically, a party seeking to intervene must show

> (1) his application to intervene is timely; (2) he has an interest relating
> to the property or transaction which is the subject of the action; (3) he is
> so situated that disposition of the action, as a practical matter, may
> impede or impair his ability to protect that interest; and (4) his interest
> is represented inadequately by the existing parties to the suit.

*Purcell*, 85 F.3d at 1512 (citing *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989)).

### a.  Timeliness of the Motions to Intervene (Docs. 17, 22)

In determining whether a motion to intervene is timely, courts consider four factors:

> (1) the length of time during which the proposed intervenor knew or
> reasonably should have known of the interest in the case before moving
> to intervene; (2) the extent of prejudice to the existing parties as a result
> of the proposed intervenor's failure to move for intervention as soon as
> it knew or reasonably should have known of its interest; (3) the extent
> of prejudice to the proposed intervenor if the motion is denied; and (4)

the existence of unusual circumstances militating either for or against a determination that their motion was timely.

*Georgia v. U.S. Army Corps of Eng'rs*, 302 F.3d 1242, 1259 (11th Cir. 2002). This Court has found that a motion to intervene was timely when it was filed within four and a half months after filing of the original complaint and one month before a Case Management and Scheduling Order. *Bernath v. Seavey*, No. 2:15-cv-358-FtM-99CM, 2016 WL 1732626, at *3 (M.D. Fla., May 2, 2016). Here, both motions (Docs. 17, 22) were timely filed. Burnett's motion (Doc. 17) was filed thirty (30) days after the Complaint (Doc. 1) was filed, and the Colliers' Motion was filed forty-seven (47) days after the Complaint was filed (Doc. 1). Doc. 17 at 6-7; Doc. 22 at 10-11. Defendants have not yet filed a response to the Complaint. Doc. 1. Furthermore, the Court has not entered a Case Management and Scheduling Order in this case. See *Bernath*, 2016 WL 1732626, at *3.

### b.   Whether the Intervenors have an Interest in the Case.

In determining sufficiency of interest, the Eleventh Circuit has held that "'the intervenor must be at least a real party in interest in the transaction which is the subject of the proceeding. This interest also has been described as a direct, substantial, legally protectable interest in the proceedings.'" *Purcell*, 85 F.3d at 1512 (citing *Worlds v. Dep't of Health and Rehab. Serv.*, 929 F.2d 591, 594 (11th Cir.1991). "A legally protectable interest is something more than an economic interest[;]" rather, the interest must "be one which *substantive* law recognizes as belonging to or being owned by the applicant." *Mt. Hawley Ins. Co. v. Sandy Lake Props.*, Inc., 425 F.3d 1308, 1311 (11th Cir.2005) (emphasis in original). The proposed intervenor's

interest "need not, however, be of a legal nature identical to that of the claims asserted in the main action." *Chiles,* 865 F.2d at 1214.

Burnett's interest in this case is "direct, substantial, and legally protectable," and is not in dispute. *Purcell*, 85 F.3d at 1512. Plaintiffs expressly state that the NPS's approval of Burnett's plan to conduct a survey in Big Cypress is the subject of this lawsuit, and that they do not contest Burnett's interest in this case. Doc. 1 ¶ 69; Doc. 21 at 1. The Colliers also argue that they have direct, substantial, and legally protectable interests here because their property rights to minerals and oil in Big Cypress are the subject matter of this action. Doc. 22 at 12-13. As the owner of the gas and oil rights in Big Cypress, the Colliers have a significant interest in Burnett's plan to conduct a survey, which is the subject of this matter. *See Sierra Club, Inc. v. U.S. Army Corps of Eng'rs*, No. 3:08-cv-750-J-25TEM, 2009 WL 2525481, at *2 (M.D. Fla. Aug. 17, 2009). Likewise, Plaintiffs do not contest that the Colliers have direct, substantial, or legally protectable interests in this case. Doc. 29. As a result, Burnett and the Colliers have "an interest relating to the property or transaction that is the subject of the action." Fed. R. Civ. P. 24(a)(2).

   c. *Whether the Disposition of the Action will Impede or Impair the Intervenors' Abilities to Protect Their Interests*

In *Chiles*, the Eleventh Circuit stated that "[w]here a party seeking to intervene in an action claims an interest in the very property and very transaction that is the subject of the main action, the potential *stare decisis* effect may supply the practical disadvantage which warrants intervention as of right." 865 F.2d at 1214. Here, the disposition of this lawsuit will impede or impair Burnett's and the Colliers'

abilities to protect their interests because Burnett and the Colliers would be prevented from conducting surveys to explore their oil and mineral rights.   *See* Doc. 17 at 8; *Sierra Club*, 2009 WL 2525481, at *2 (finding that the disposition of the lawsuit would impair an intervenor's ability to protect its interest because the intervenor would be prevented from extracting minerals from the tract).

### d. Whether the Intervenors' Interest is being Adequately Protected by the Existing Party

Here, Defendants, as the government agency and officials, do not adequately represent Burnett's economic interests as a private business entity, and Plaintiffs do not question that.   Doc. 17 at 10; Doc. 21.   However, Plaintiffs assert that the Colliers' interests overlap with Burnett's because their interests and rights derive from the same mineral rights to be explored in Burnett's survey.   Doc. 29 at 5. Therefore, Plaintiffs state that the Colliers' interests would be adequately represented if Burnett intervenes as a party.   *Id.*

A proposed intervenor's burden to show that its "interests may be inadequately represented is minimal."   *Fed. Savings*, 983 F.2d at 216.   Moreover, "[a]ny doubt concerning the propriety of allowing intervention should be resolved in favor of the proposed intervenors because it allows the court to resolve all related disputes in a single action."   *Id.*   The court finds that representation is adequate "if no collusion is shown between the representative and an opposing party, if the representative does not have or represent an interest adverse to the proposed intervenor, and if the representative does not fail in fulfillment of his duty."   *Id.* at 215.   The court

presumes adequate representation when "an existing party pursues the same ultimate objective as the party seeking intervention." *Id.*

Here, the Court finds that the Colliers' interests may be inadequately represented. See *id.* at 216. Burnett does not show any collusion with Plaintiffs and has no interest adverse to the Colliers. Doc. 17; *See id* at 215. However, because Burnett is yet to intervene as a party, and these proceedings still are at early stage, it is not clear whether Burnett would fail in fulfillment of its duty. *Fed. Savings*, 983 F.2d at 215. Furthermore, the Colliers assert that Burnett does not pursue the same objectives as the Colliers because Burnett focuses on the challenged survey and its own business interests whereas the Colliers seek to represent their "extensive mineral rights throughout Big Cypress." Doc. 22 at 19-20; *See Fed. Savings*, 983 F.2d at 215. Because the Colliers' burden is minimal, and all doubts are resolved in favor of the Colliers, the Colliers may represent themselves without relying on Burnett's representation. *Id.* at 215.

Based on the above analysis, the Court finds that Burnett and the Colliers meet the requirements of Rule 24(a) to intervene as of right. *See Purcell*, 85 F.3d at 1512 (citing *Chiles*, 865 F.2d at 1213). As a result, the Court need not address whether Burnett and the Colliers may permissively intervene under Rule 24(b).

e. *Rule 24(c)*

Rule 24(c) requires that a motion to intervene "state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). Plaintiffs argue that Burnett's

and the Colliers' motions (Docs. 17, 22) do not comply with Rule 24(c) because the motions are not accompanied by pleadings.   Doc. 21 at 3-4; Doc. 29 at 6-7.   The Court does not address Burnett's non-compliance with Rule 24(c) because on September 27, 2016, Burnett supplemented its motion by filing an Answer to Plaintiffs' Complaint (Doc. 31 at 4-25)     Doc. 31.

The Colliers argue that their motion to intervene satisfies Rule 24(c) because the motion clearly spells out their position on the subject matter of this case.   Doc. 22 at 21-22.   Furthermore, the Colliers point out that when their motion was filed, Defendants still have several weeks to respond to Plaintiffs' Complaint (Doc. 1).   *Id.* at 22.   Given the early stage of these proceedings, the Colliers propose to file a responsive pleading within fifteen (15) days of an order granting their motion to intervene.   *Id.*   Plaintiffs argue that the Colliers' motion (Doc. 22) ignores the pleading requirement of Rule 24(c) and does not provide specific defenses the Colliers seek to assert.   Doc. 29 at 6.   Plaintiffs recommend that the Court deny without prejudice the Colliers' motion.   *Id.* at 7.

The Eleventh Circuit has rejected a strict reading of Rule 24(c) and has chosen to "disregard nonprejudicial technical defects." *Piambino v. Bailey*, 757 F.2d 1112, 1121 (11th Cir. Mar. 18, 1985).   The court has emphasized that the purpose of this rule is to put the other parties "on notice of the position, claim, and relief sought by the intervenor." *Danner Constr. Co., Inc. v. Hillsborough Cty.*, No. 809-cv-650-T-17TBM, 2009 WL 2525486, at *2 (M.D. Fla. Aug. 17, 2009).   Therefore, the court has granted a motion to intervene when the motion, which is not accompanied by a

pleading, clearly states an intervenor's position.   *Id.*; *Piambino*, 757 F.2d at 1121. Here, the Court finds that the Colliers' motion provides sufficient notice of their position, claim, and relief sought.   *See Danner Constr. Co.*, 2009 WL 2525486, at *2. The Colliers clearly state that they oppose Plaintiffs' challenge of the NPS's approval and that they seek to protect their mineral rights within Big Cypress.   Doc. 22 at 3-4.   Although the Colliers' motion does not include the Colliers' specific defenses, the motion illuminates the Colliers' position in this matter.   *Id.*; *see See Danner Constr. Co.*, 2009 WL 2525486, at *2.   Even if the motion (Doc. 22) does not provide sufficient notice to Plaintiffs, the Colliers propose to file a responsive pleading within fifteen (15) days after entry of this Order.   *Id.* at 2.   Accordingly, the Court finds that the Colliers meet the requirements of Rule 24(c), and orders the Colliers to file a responsive pleading to Plaintiffs' Complaint (Doc. 1) within fifteen (15) days of this Order.

> ### f. *Consolidating and Limiting Burnett's and the Colliers' Participation*

Plaintiffs argue that if both Burnett and the Colliers intervene as parties in this matter, the Court should impose conditions on their participation.   Doc. 29 at 7. Plaintiffs state that because Burnett's and the Colliers' interest and objectives overlap, they should (1) collaborate and file joint documents unless they certify that take different stances on an issue, and (2) restrict their joint briefing to fewer pages than are allowed for the existing parties.   *Id.* at 7-8.   In addition, Plaintiffs request that the Court order Burnett and the Colliers to confine their arguments to the existing claims in this action.   *Id.* at 9.

"An intervention of right . . . may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings." Fed. R. Civ. P. 24(b) advisory committee's note to 1966 amendment; *Southern v. Plumb Tools, A Div. of O'Ames Corp.*, 696 F.2d 1321, 1322 (11th Cir. 1983) ("[C]onditions can be imposed even when a party intervenes as a matter of right under Rule 24(a)(2).") The court has "broad authority to limit the ability of intervening parties to expand the scope of a proceeding beyond the issues litigated by the original parties." *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001). The court can condition intervention "on such terms as will be consistent with the fair, prompt conduct of [the] litigation." *U.S. v. S. Fla. Water Mgmt Dist.*, 922 F.2d 704, 710 (11th Cir. 2005).

The Court finds Plaintiffs' argument persuasive that Burnett's and the Colliers' positions would overlap on some issues. Even though the Colliers argue that they intend to represent their broader mineral interests in Big Cypress, the interests of Burnett, as the lessee, and the Colliers, as the lessor of their mineral rights, in the challenged survey and mineral rights pertaining to the survey overlap. Docs. 17, 22. Therefore, the Court impose the following conditions on Burnett's and the Colliers' intervention:

> (a) Burnett and the Colliers shall meet and confer prior to filing of any motion, responsive filing, or brief to determine whether their positions can be set forth in a consolidated fashion.

(b) If they decide to file separately, Burnett and the Colliers must file a certificate of compliance with the meet and confer requirement and a brief description of their reasons for filing separately.

(c) Burnett and the Colliers shall jointly serve and answer discovery requests to the extent their positions overlap and do not require separate representations of facts or arguments.

See e.g., *Southern*, 696 F.2d at 1322; *Planned Parenthood Minn., N.D., S.D. v. Daugaard*, 836 F. Supp. 2d 933, 943 (D.S.D., 2011); *Wildearth Guardians v. Salazar*, 272 F.R.D. 4, 21 (D.D.C. 2010).

The Court does not, however, see the necessity of restricting Burnett's and the Colliers' briefs to fewer pages than are allowed for the existing parties or of restricting Burnett's and the Colliers' arguments to the claims already set forth by the existing parties. Doc. 29 at 9. The Colliers state that their defenses would be based on the government's common administrative record, questions of law and fact in common with the underlying suit, and respond directly to Plaintiffs' claims. Doc. 22 at 21. Furthermore, they dispel Plaintiffs' concern that the Colliers would present a host of historical and regional issues and activities unrelated to the approval of Burnett's survey by stating that a presentation of historical issues is to "aid the Court in understanding the history, development and purpose of [Big Cypress] and the merits and implications of Plaintiffs' claims." *Id.* at 4. Even if the Colliers make a claim not directly related to the NPS's approval of the survey, such as a takings claim against the government, the purpose of allowing intervention is to "resolve all related

disputes in a single action." *Fed. Savings*, 983 F.2d at 216.   As a result, Burnett and the Colliers should not be restricted to a stricter page limit or certain types of claims in order to aid the Court in resolving the disputes efficiently in one proceedings.   *See id.*

### III.   Joint Motion to Set Page Limits and Briefing Schedule for Plaintiffs' Forthcoming Motion for Preliminary Injunction (Doc. 30)

Because the intervening parties' motions to intervene still were pending when this motion was filed on September 26, 2016, the existing parties could not "reach an agreement about page limitations" with the intervening parties.   Doc. 30 at 3.   The intervening parties took "no position on this joint motion to the extent it establishes page limits" and reserved the right to file responses to this motion.   *Id.*   In light of Burnett's and the Colliers' intervention as new parties, all parties shall meet and confer and have up to and including October 17, 2016 to refile this motion.

ACCORDINGLY, it is hereby

**ORDERED:**

1.      Burnett Oil Co., Inc.'s Motion to Intervene (Doc. 17) is **GRANTED**. Burnett may intervene as of right under Rule 24(a).

2.      The Clerk is directed to file Burnett's Answer (Doc. 31 at 4-25) as separate docket entry.

3.      Barron Collier Company, Ltd., Collier Enterprises Management, Inc., and Collier Resources Company, LLP's Motion to Intervene as a Defendant (Doc. 22) is **GRANTED**.   The Colliers may intervene as of right under Rule 24(a).   The

Colliers shall have up to and including **October 13, 2016** to file a combined, responsive pleading.

4.    As conditions of intervention,

(a) Burnett and the Colliers shall meet and confer prior to filing of any motion, responsive filing, or brief to determine whether their positions can be set forth in a consolidated fashion.

(b) If they decide to file separately, Burnett and the Colliers must first jointly file a certificate of compliance with the meet and confer requirement and a brief description of their reasons for filing separately before filing separately.

(c) Burnett and the Colliers shall jointly serve and answer discovery requests to the extent their positions overlap and do not require separate representations of facts or arguments.

5.    The Joint Motion to Set Page Limits and Briefing Schedule for Plaintiff's Forthcoming Motion for Preliminary Injunction (Doc. 30) is **DENIED without prejudice**.   The parties shall have up to and including **October 17, 2016** to refile this motion.

**DONE** and **ORDERED** in Fort Myers, Florida on this 28th day of September, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record